UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOHN DUFFY,

                Plaintiff,                      CV-06-6763 (SJF)(LB)

-against-

                                              **OPINION & ORDER**

ELIOT L. SPITZER, Governor of New York State,
ROBERT DENNISON, Chairman, New York State
Division of Parole, and ANDREW M. CUOMO,
New York State Attorney General,

                Defendants.
------------------------------------------------------------X

FEUERSTEIN, J.

*Pro se* plaintiff John Duffy ("plaintiff") commenced this action against George E. Pataki, in his official capacity as Governor of the State of New York (the Governor), Robert Dennison (Dennison), in his official capacity as Chairman of the New York State Division of Parole, and Eliot L. Spitzer, in his official capacity as the New York State Attorney General (the Attorney General)[1] (collectively, defendants), pursuant to 42 U.S.C. § 1983, challenging the determination of the New York State Division of Parole, rendered August 2005, to deny plaintiff parole release for a third time and to hold him for an additional twenty-four (24) months. Defendants now move pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the action for lack of subject matter jurisdiction or, in the alternative, pursuant to Rule 12(b)(6) to dismiss the complaint for failure to state a claim. For the reasons stated herein, defendant's motion is

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Eliot Spitzer was automatically substituted for George E. Pataki as Governor of New York State and Andrew M. Cuomo was automatically substituted for Eliot Spitzer as New York State Attorney General.

1

granted.

I.  Background

In 1982, plaintiff was convicted of murder in the second degree and was sentenced to an indeterminate term of imprisonment of twenty (20) years to life. In August 2005, he made his third appearance before the Board of Parole (the Board) for parole release, at which time the Board ordered him held for an additional twenty-four (24) months. The Board's decision was affirmed upon administrative appeal.

Thereafter, plaintiff commenced a state court proceeding pursuant to N.Y. C.P.L.R. article 78 against Dennison, as Chair of the Board, in the Supreme Court of the State of New York, County of Albany (the state court), seeking review of the determination of the Board to deny his request for parole release (the Article 78 proceeding). By judgment entered July 19, 2006, the state court dismissed the Article 78 proceeding. By order dated November 22, 2006, the Supreme Court of the State of New York, Appellate Division, Third Judicial Department, affirmed the judgment, holding, *inter alia*, that the Board's consideration of all the relevant statutory factors set forth in N.Y. Executive Law § 259-i when denying plaintiff parole release precluded further review of such denial. Matter of Duffy v. Dennison, 34 A.D.3d 1083, 824 N.Y.S.2d 487 (3d Dept. 2006). In addition, the Appellate Division found that the Board members specifically advised plaintiff at the hearing that erroneous information contained in a victim impact statement would not be considered, that there was nothing to substantiate plaintiff's claim that the Board's decision was part of an informal executive policy of denying parole to violent felons, and that the plaintiff's remaining contentions were without merit. Id.

On December 18, 2006, plaintiff commenced the instant action, pursuant to 42 U.S.C. § 1983, challenging the determination of the New York State Division of Parole (Division of Parole), rendered August 2005, to deny him parole release for a third time and to hold him for an additional twenty-four (24) months. Specifically, plaintiff alleges that in denying him parole release, the Board (1) relied exclusively on the serious nature of the crime for which he was convicted; (2) applied an improper statutory standard; (3) considered a victim impact statement which contained false information; (4) denied him a fair and complete hearing; (5) "considered in a negative fashion the fact that plaintiff chose not to go to trial;" (6) had pre-determined the decision to deny him parole release prior to the hearing; and (7) has, in effect, re-sentenced him in violation of the double jeopardy and separation of powers clauses. (Complaint [Compl.], p. 4, ¶ IV). Plaintiff seeks an injunction ordering that the determination of the Board be vacated and that a *de novo* hearing be held before a different panel of the Board. (Compl., p. 5, ¶ IV [sic]).

II. Discussion

    A. Subject Matter Jurisdiction

        1. Rule 12(b)(1) Standard of Review

"In determining whether the federal courts have subject matter jurisdiction over a cause of action, a district court must look to the way the complaint is drawn to see if it claims a right to recover under the laws of the United States." IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1055 (2d Cir.1993) (quoting Goldman v. Gallant Securities, Inc., 878 F.2d 71, 73 [2d Cir.1989]). In considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all material factual allegations in the complaint. Atlantic Mut. Ins. Co. v.

3

Balfour Maclaine Intern. Ltd., 968 F.2d 196, 198 (2d Cir. 1992). However, when deciding a jurisdictional motion, district courts may look beyond the allegations of the complaint. See LeBlanc v. Cleveland, 198 F.3d 353, 355 (2d Cir. 1999) ("Where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings, such as affidavits."). Plaintiffs have the burden of establishing that subject matter jurisdiction exists. Lunney v. United States, 319 F.3d 550, 554 (2d Cir. 2003).

Plaintiff is proceeding *pro se*. Therefore, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quotations and citations omitted). Nevertheless, *pro se* plaintiffs are not excused from the normal rules of pleading and dismissal. Where subject matter jurisdiction is lacking, "dismissal is mandatory." Manway Const. Co., Inc. v. Housing Authority of City of Hartford, 711 F.2d 501, 503 (2d Cir. 1983).

2. Eleventh Amendment

Plaintiff's Section 1983 claims seeking damages against defendants in their official capacity are barred under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment bars suits for damages in a federal court by private parties against a state or one of its agencies, absent consent to suit or an express statutory waiver of immunity. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 362, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L. Ed. 2d

4

252 (1996). Moreover, a suit against a state official in his or her official capacity is not a suit against the official personally, but rather is a suit against the official's office and, thus, is no different from a suit against the State itself. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Since the Executive Department of the State of New York, the New York State Division of Parole and the New York State Department of Law have not consented to suit in federal court, plaintiff's claims against defendants in their official capacity as Governor, chairman of the Division of Parole and Attorney General, respectively, are barred by the Eleventh Amendment. See, e.g. Loving v. Harris, No. 05-CV-3411, 2005 WL 1961420, at * 3 (E.D.N.Y. Aug. 15, 2005)(holding that claims against the New York State Division of Parole, a state agency, are barred by the Eleventh Amendment); Shell v. Brzezniak, 365 F.Supp.2d 362, 374 (W.D.N.Y. 2005)(holding that claims against the State Attorney General are barred by the Eleventh Amendment); Ali v. Microsoft World Wide Web, No. 97-CV-6581, 1998 WL 317584, at * 2 (W.D.N.Y. Feb. 23, 1998) (holding that the claims against the Governor in his official capacity were barred by the Eleventh Amendment). Accordingly, plaintiff's Section 1983 claims against defendants in their official capacity are dismissed for lack of subject matter jurisdiction.[2]

B. Failure to State a Claim under Section 1983

42 U.S.C. § 1983 provides, in pertinent part, that:

---

[2] In light of this determination, it is unnecessary to consider defendants' alternative contention that the claims against defendants in their official capacity should be dismissed for failure to state a claim since defendants are not "persons" within the meaning of section 1983.

5

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

Thus, to state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Adickes v. S.H. Kress & Co. 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

1.  Personal Involvement

Although "a claim for relief under 42 U.S.C. § 1983 only need allege that some person acting under color of state law deprived the claimant of a federal right," Green v. Maraio, 722 F.2d 1013, 1016 (2d Cir. 1983), it is well-settled that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 122 (2d Cir. 2004)(internal quotations and citation omitted); see Sealey v. Giltner, 116 F.3d 47, 51 (2d Cir. 1997). "Personal involvement" of supervisory officials, such as the Governor and Attorney General, may be established by evidence of direct participation by that official in the challenged conduct, or by evidence of that official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross

6

negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." Hayut v. State Univ. of New York, 352 F.3d 733, 753 (2d Cir. 2003).

Plaintiff does not allege any facts from which it can be inferred that the Governor or the Attorney General were personally involved in any of the alleged constitutional violations of which he complains. Rather, all of plaintiff's allegations relate to the conduct of the Parole Board. Accordingly, even liberally construed, plaintiff's complaint fails to set forth a valid Section 1983 claim against the Governor or Attorney General in their individual capacity. See, e.g. Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002) (affirming the dismissal of plaintiff's claim against the Governor because plaintiff did not sufficiently allege the Governor's personal involvement in the alleged constitutional violation); Iwachiw v. New York State Department of Motor Vehicles, 299 F.Supp.2d 117, 121 (E.D.N.Y. 2004), aff'd, 396 F.3d 525 (2d Cir. 2005)(dismissing plaintiff's claims against the Governor on the basis, *inter alia*, that there was no allegation of any personal involvement by the Governor); Diaz v. Pataki, 368 F.Supp.2d 265, 270 (S.D.N.Y. 2005) (dismissing the plaintiff's individual capacity claims against, *inter alia*, the Governor and the Attorney General on the basis that plaintiff failed to allege any facts giving rise to an inference of the personal involvement of those defendants). Accordingly, plaintiff's Section 1983 claims against Spitzer and Cuomo in their individual capacity are dismissed for failure to state a claim.

C.  Res Judicata

7

Defendants contend that plaintiff's claims are barred by the doctrine of res judicata, since he brought the same claims in his earlier Article 78 proceeding in state court.

Under the doctrine of res judicata, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); see Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286-287 (2d Cir. 2002). To establish the affirmative defense of res judicata, the defendant must show (1) that the prior action involved an adjudication on the merits; (2) that the prior action involved the same plaintiffs or those in privity with them; and (3) that the claims asserted in the subsequent action were, or could have been, raised in the previous action. Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 285 (2d Cir. 2000).

The prior Article 78 proceeding was adjudicated on the merits, insofar as a final judgment dismissing petitioner's application was rendered by the Supreme Court, Albany County, which was affirmed on appeal by the Appellate Division, Third Judicial Department. Although plaintiff could have sought further review from the New York Court of Appeals, he did not do so. Moreover, there is a clear identity of parties between the two actions with respect to plaintiff's claims against Dennison in his individual capacity, as the Article 78 proceeding was brought by plaintiff against Dennison, as Chair of the New York State Board of Parole. Accordingly, the determination of whether res judicata bars plaintiff's claims against Dennison in his individual capacity depends upon whether his claims were, or could have been, raised in the prior Article 78 proceeding.

8

In the Article 78 proceeding, plaintiff argued that the Board's decision to deny him parole a third time was arbitrary and capricious because it: (1) relied solely on the seriousness of the instant offense; (2) applied an improper statutory standard and re-sentenced him in violation of double jeopardy and the separation of powers; (3) was not based on a fair and complete interview; and (4) improperly relied upon the fact that he went to trial. (See Respondent's Brief in Matter of Duffy v. Dennison, No. 500881, 2006 WL 4706392, at * 5 (Oct. 5, 2006)). In addition, plaintiff asserted in the state court that the Board relied upon erroneous information contained in a victim impact statement in rendering its decision. See Matter of Duffy, 34 A.D.3d at 1083.

In this case, plaintiff contends that the Board violated his constitutional rights by (1) relying exclusively on the serious nature of the crime; (2) applying an improper statutory standard; (3), in effect, re-sentencing him in violation of the double jeopardy and separation of powers clauses; (4) denying him a fair and complete hearing; (5) considering "in a negative fashion the fact that plaintiff chose to go to trial;" (6) considering a victim impact statement which contained false information; and (7) pre-determining its decision. (Compl., ¶ IV., pp. 4-5). Clearly, the first six claims in this action were previously raised in the prior Article 78 proceeding and, thus, those claims are barred from being re-litigated in this action by the doctrine of res judicata.

With respect to the latter claim, to the extent it was not previously raised in the Article 78 proceeding, it could have been. "Whether a claim that was not raised in the previous action could have been raised therein depends *in part* on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and

whether the facts essential to the second were present in the first. * * * Also dispositive to a finding of preclusive effect, is whether an independent judgment in a separate proceeding would impair or destroy rights or interests established by the judgment entered in the first action." Marvel, 310 F.3d at 287 (internal quotations and citations omitted) (emphasis in original). The determination of whether two actions arise from the same transaction or claim involves consideration of "whether the underlying facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id. (internal quotations and citation omitted). A prior judgment does not have preclusive effect where the claims in the subsequent action did not even exist at the time of the prior action or where the court in the prior action could not have awarded the relief requested in the new action. Id.

Since plaintiff's claim that the Board pre-determined its decision to deny him parole release a third time involves the same transaction, that claim could have been raised in the previous action. Thus, plaintiff is barred by the doctrine of res judicata from litigating that claim in this action as well. Accordingly, plaintiff's Section 1983 claims against Dennison in his individual capacity are dismissed.[3]

---

[3] Although a prisoner in state custody cannot use a Section 1983 action to challenge "the fact or duration of his confinement," and instead must commence a federal habeas corpus proceeding seeking release from his or her purported unlawful confinement, Wilkinson v. Dotson, 544 U.S. 74, 77, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005)(internal quotations and citations omitted), Section 1983 "remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner." Id. at 81 (emphasis in original). As plaintiff is not seeking immediate, or even speedier, release; but rather he seeks an injunction ordering that the determination of the Board be vacated and that a *de novo* hearing be held before a different parole board, (Compl., ¶ IV, p. 5), this action is proper under Section 1983. See, e.g. id. at 82 (finding that claims seeking relief that will render invalid the

10

III. Conclusion

For the reasons stated herein, defendants' motion is granted and plaintiff's complaint is dismissed in its entirety. The clerk of the Court is directed to enter judgment accordingly and to close this case.

SO ORDERED

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 26, 2007
       Central Islip, N.Y.

Copies to:
John Duffy, *pro se*
82A0783
Arthur Kill Correctional Facility
2911 Arthur Kill Road
Staten Island, New York 10309

New York State Attorney General's Office
200 Old Country Road, Suite 460
Mineola, New York 11545-1403
Attn: Ralph Pernick, A.A.G.

---

state procedures used to deny parole eligibility and parole suitability were proper under Section 1983 since success would not mean immediate release from confinement or a shorter stay in prison; but rather success on the former would mean, at most, new eligibility review and success on the latter would mean, at most, a new parole hearing at which parole authorities may, in their discretion, decline to shorten the prisoner's prison term). Accordingly, defendants' alternative contentions relating to habeas relief are not considered here.

11